Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiffs Bennett and Mary Levinson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNETT and MARY LEVINSON, Individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSUNION LLC, is a Corporation; EQUIFAX INFORMATION SERVICES, LLC is a Corporation; EXPERIAN INFORMATION SOLUTIONS INC, is a corporation; WELLS FARGO BANK N.A., is a business entity form unknown, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. FAIR CREDIT REPORTING ACT.<br>2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT<br><br>**JURY TRIAL DEMANDED.** |

Plaintiffs allege:

1. Plaintiffs BENNETT and MARY LEVINSON ("Plaintiffs") are residents of County of Los Angeles, State of California.

2. Defendants TRANSUNION LLC ("TRANSUNION"), EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX), EXPERIAN INFORMATION SOLUTIONS INC ("EXPERIAN") are business entities, forms unknown, doing

COMPLAINT FOR DAMAGES

business in the State of California as credit bureaus which receive negative credit information about consumers and which then publish such information in credit reports available to its subscribers. Collectively, these defendants will be referred to as "credit bureau defendants" or "credit agency defendants". WELLS FARGO BANK, N.A. is a creditor which, among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnishers" under the Fair Credit Reporting Act.

3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of Plaintiffs that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after Plaintiffs had notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiffs are informed and believe and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiffs, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiffs are informed and believe, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each

Defendant is liable to Plaintiffs for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiffs allege that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AGAINST ALL DEFENDANTS]

6. Plaintiffs re-allege and incorporate all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiffs are consumers as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act.  All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, TRANSUNION, EXPERIAN, EQUIFAX and each of the credit bureau defendants who are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about February 2015, Plaintiffs discovered that WELLS FARGO was erroneously reporting them late on their Wells Fargo Home Equity Line of Credit (account #xxxx1998) for the months of February, April, and December of 2012, January 2013 and for March of 2015. Plaintiffs promptly called WELLS FARGO to dispute the many errors appearing on their credit reports. At this time they were advised that they had an overpayment of $149.00. Plantiffs asked that the overpayment be credited to their WELLS FARGO checking account. Plaintiffs' next statement indicated that they were 30 days late on their March 2015 payment.

9. On or about March 9, 2015, WELLS FARGO sent correspondence to Plaintiffs stating that their investigaiton was complete and they had updated Plaintiffs' credit profiles with the three major credit bureas (TRANSUNION, EQUIFAX and EXPERIAN) removing the 30 day late payments from September 2014 and January 2013. All other delinquencies would remain unchanged.

10. On or about April 23, 2015, WELLS FARGO sent Plaintiffs correspondence confirming that they inadvertently made an error and reversed a payment on March 19, 2015 in the amont of $149.00. This correpsondence was signed by Justin Snyder, Home Equity Executive Mortgage Specialist Customer Care and Recovery Group.

11. On or about August 28, 2015, EXPERIAN provided a credit profile reporting that Plaintiffs' were 30 days late in April 2015.

12. On or about September 7, 2015, Plaintiffs completed and submitted Request for Investigation reports to TRANSUNION, EXPERIAN and EQUIFAX to dispute the November 2012, December 2012, and April 2015 late payments.

13. On or about September 19, 2015, TRANSUNION reported that their investigation was complete and the WELLS FARGO late payments would remain unchanged.

14. On September 22, 2015, EQUIFAX sent the results of their reinvestigation. The 30 day lates for February 2012, April 2012, December of 2012 and March 2015 would remain unchanged.

15. November 6, 2015 Plaintiffs sent dispute letters to TRANSUNION, EQUIFAX, EXPERIAN and INNOVIS disputing the late payments for April 2015.

16. On or about November 6, 2015, Plaintiffs completed an EXPERIAN Dispute Form to dispute the late payments reported for April of 2015.

17. On or about November 9, 2015, Plaintiffs completed an INNOVIS Investigation Request form along with a letter disputing the WELLS FARGO March and April 2015 late payments.

18. On or about November 13, 2015, Plaintiffs completed and submitted a TRANSUNION Request for Investigation report by certified mail, disputing the WELLS FARGO late payments for March and April of 2015.

19. On or about November 25, 2015, EXPERIAN responded to Plaintiffs dispute. The EXPERIAN credit report remained unchanged.

20. On or about November 26, 2015, TRANSUNION completed their investigation of the WELLS FARGO late payments. The late payment information for February, April, December of 2012, and March 2015 would remained unchanged.

21. On or about November 30, 2015, INNOVIS completed their investigation confirming that WELLS FARGO payments for February, April and December of 2012 were 30 days past due.

22. Plaintiffs believe that WELLS FARGO is falsely reporting them late on their home equity account and they have failed to promptly provide accurate records of payment allocation (Plaintiffs first requested accurate accounting of their account in February 2015). Plaintiffs finally received an accounting in January 2016.

23. Plaintiffs sent correspondence to TRANSUNION, EXPERIAN, EQUIFAX and INNOVIS asking that they reinvestigate their WELLS FARGO account and remove the many "erroneous and derogatory late payments" from their credit reports.   On information and belief, one or more of the credit bureaus sent dispute notices to WELLS FARGO, thereby activating WELLS FARGO'S obligations to Plaintiffs under the Fair Credit Reporting Act.

24.  Plaintiffs complied with all requests of each of the Defendants to

provide information in order to have the erroneous marks removed from their credit reports. Despite the insistence of Plaintiffs, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

25. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiffs which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiffs' file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiffs' complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants; and,

26. As a proximate result of the actions of the Defendants, and each of them, Plaintiffs have been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiffs are entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

27. Plaintiffs allege that defendants, and each of them, have willfully violated FCRA with respect to Plaintiffs and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting

their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts.  Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed.  These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid.  These facts were not disclosed to the Plaintiffs and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST WELLS FARGO AND DOES 1-10, INCLUSIVE.

28. Plaintiffs incorporate all preceding paragraphs as though alleged in full in this cause of action.

29. Within two years prior to the filing of the complaint in this action, defendants WELLS FARGO and DOES 1-10, Inclusive, both willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

30. By willfully and negligently furnishing to credit reporting agencies information about the Plaintiffs which Defendants WELLS FARGO and DOES 1-10, Inclusive knew, or should have known, was incomplete or inaccurate due to a mixed file error.

31. Each of the Defendants WELLS FARGO and DOES 1-10, Inclusive willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in Plaintiffs' credit reports.  Plaintiffs allege that each of the Defendants WELLS FARGO and DOES 1-10, Inclusive' policies and practices

hinder and obstruct adequate and meaningful reinvestigations, and that each defendant knows of this effect of its policies and practices.

32. As a proximate result of the willful and negligent actions of the Defendants WELLS FARGO and DOES 1-10, Inclusive, and each of them, Plaintiffs have suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiffs are entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees. Plaintiffs are also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiffs pray for judgment as follows:
1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

**PLAINTIFFS DEMAND A JURY TRIAL**

Dated: February 5, 2016      **ROBERT F. BRENNAN, A P.C.**

By: */s/ Robert F. Brennan*
Robert F. Brennan
Attorney for Plaintiffs