1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   BENNETT and MARY LEVINSON,    )   CV 16-00837-RSWL-PLAx
                                    )
13                                  )
                  Plaintiffs,       )   **ORDER** re Defendant Wells
14                                  )   Fargo Bank, N.A.'s
           v.                       )   Motion to Dismiss
15                                  )   Plaintiffs' First
                                    )   Amended Complaint [22]
16   TRANSUNION LLC; EQUIFAX        )   and Motion to Strike
     INFORMATION SERVICES, LLC;     )   Portions of Plaintiffs'
17   EXPERIAN INFORMATION           )   First Amended Complaint
     SOLUTIONS INC.; INNOVIS        )   [23]
18   DATA SOLUTIONS, INC.; WELLS    )
     FARGO BANK, N.A.; and DOES     )
19   1-10,                          )
                                    )
20                                  )
                  Defendants.       )
21                                  )
                                    )
22   _____)

23        Currently before the Court are Defendant Wells

24   Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss

25   Plaintiffs' First Amended Complaint [22] ("Motion to

26   Dismiss") and Motion to Strike Portions of Plaintiffs'

27   First Amended Complaint [23] ("Motion to Strike").

28   Wells Fargo filed both Motions on April 25, 2016.

                                1

Plaintiffs Bennett and Mary Levinson ("Plaintiffs")
opposed both Motions on April 27, 2016 [25, 26], and
Wells Fargo replied on May 10, 2016 [28, 29].  The
Court, finding these matters appropriate for resolution
without oral argument, took them under submission on
May 19, 2016 [33].

Having reviewed all papers submitted pertaining to
these Motions, the Court **NOW FINDS AND RULES AS
FOLLOWS:** both Motions are **GRANTED IN PART** and **DENIED IN
PART**.  Plaintiffs will be granted leave to amend, as
provided herein.

**I. BACKGROUND**

**A.   Factual Allegations**

Plaintiffs are residents of Los Angeles,
California.  First Am. Compl. ("FAC") ¶ 1.

Defendants Transunion LLC ("Transunion"), Equifax
Information Services LLC ("Equifax"), Experian
Information Solutions Inc. ("Experian"), and Innovis
Data Solutions, Inc. ("Innovis") (collectively, the
"CRAs") are business entities doing business in the
state of California as credit reporting agencies which
receive negative credit information about consumers,
and then publish such information in credit reports
available to their subscribers.  Id. at ¶ 2.

Defendant Wells Fargo is a creditor which, among
other activities, reports allegedly delinquent debts to
credit reporting agencies as a "furnisher" under the
Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

2

1  ("FCRA").  <u>Id.</u>

2      At some point, Plaintiffs obtained a Wells Fargo

3  Home Equity Line of Credit (account #xxxx1998) and a

4  checking account with Defendant Wells Fargo.  <u>See id.</u>

5  at ¶ 8.

6      In February 2015, Plaintiffs discovered that Wells

7  Fargo reported them late on their Home Equity Line of

8  Credit for the months of February 2012, April 2012,

9  December 2012, and January 2013.[1]  <u>Id.</u> at ¶ 8.

10  Plaintiffs allege that these reports were in error, and

11  that they subsequently disputed these reports to the

12  CRAs.  <u>Id.</u> at ¶¶ 8, 12, 15–18.

13      In addition to falsely reporting Plaintiffs late on

14  their home equity line of credit, Plaintiffs allege

15  that Wells Fargo failed to promptly provide accurate

16  records of payment allocation.  <u>Id.</u> at ¶ 22.

17  Plaintiffs allege that after Plaintiffs requested that

18  the CRAs investigate and remove erroneous late payments

19  from Plaintiffs' credit reports, one or more of the

20  CRAs sent dispute notices to Wells Fargo, which

21  triggered Wells Fargo's obligations to Plaintiffs under

22  the FCRA.  <u>Id.</u> at ¶ 23.

23      Plaintiffs claim that Wells Fargo and the CRAs

24  violated the FCRA and the California Consumer Credit

25

26      [1] Throughout the FAC, Plaintiffs allege that Wells Fargo
27  erroneously reported late payments for the following months:
    February 2012, April 2012, November 2012, December 2012, January
    2013, September 2014, March 2015, and April 2015.  <u>See</u> FAC ¶¶ 8–
28  9, 11–12.

1    Reporting Agencies Act, Civ. Code § 1785.1 *et seq.*
2    ("CCRAA") by: (1) "willfully and negligently failing
3    . . . to follow reasonable procedures to assure maximum
4    possible accuracy of the information in the [consumer]
5    report [concerning Plaintiffs]"; (2) "willfully and
6    negligently failing to correct, after receiving ample
7    notice, information about the Plaintiffs which
8    defendants knew, or should have known, was incomplete
9    and/or inaccurate"; (3) "willfully and negligently
10   failing to correct and/or delete the incomplete and
11   inaccurate information in Plaintiffs' file after
12   conducting an investigation"; and (4) "willfully and
13   negligently failing to conduct an adequate
14   investigation of Plaintiffs' complaints, and . . .
15   failing to implement corrective actions once the
16   outcome of such investigations were known, or should
17   have been known, to the defendants."   Id. at ¶¶ 25,
18   28.   Plaintiffs allege that Wells Fargo and the CRAs
19   "deliberately [have] inefficient procedures for
20   correcting their credit files, because they know that a
21   certain number of consumers will either be intimidated
22   or too frustrated to continuously fight back against
23   . . . collection activities for invalid debts.
24   Defendants . . . know that . . . consumers would rather
25   pay than fight[,] [and] defendants know that their
26   systems intimidate consumers so they'll pay debts even
27   if not valid[.]"   Id. at ¶ 27.
28        Plaintiffs further allege that Wells Fargo

willfully and negligently violated the CCRAA by: (1)
"willfully and negligently furnishing to credit
reporting agencies information about Plaintiffs" which
Wells Fargo "knew, or should have known, was incomplete
or inaccurate due to a mixed file error"; and (2)
"willfully and negligently failed in [its] obligations
to reinvestigate and correct the derogatory marks in
plaintiffs' credit reports," with knowledge that Wells
Fargo's policies and practices "hinder and obstruct
adequate and meaningful reinvestigations." Id. at ¶¶
29-31.

    As a result of these violations, Plaintiffs claim
to have suffered "actual damages, pain and suffering,
punitive damages, penalties, costs and attorney fees,"
"loss of wages," and "damage to credit reputation."
Id. at ¶¶ 26, 32.  Plaintiffs seek general and special
damages, statutory damages, punitive damages,
attorney's fees, and costs.  Id. at 9:13-20.

    Wells Fargo has moved to dismiss both of
Plaintiffs' causes of action under the FCRA and CCRAA,
and has moved to strike Plaintiffs' requests for
punitive damages, "pain and suffering" damages, and
attorney's fees.

## II. DISCUSSION

### A.  Legal Standard

    1.  Motion to Dismiss

    Federal Rule of Civil Procedure 12(b)(6) allows a
party to move for dismissal of one or more claims if

the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Dismissal can be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a 12(b)(6) motion, a court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party.  <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991).  The question presented by a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff has alleged sufficient factual grounds to support a plausible claim to relief, thereby entitling the plaintiff to offer evidence in support of its claim. <u>Iqbal</u>, 556 U.S. at 678; <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002).  While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of a cause of action's elements." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citation omitted).

/ / /

2.   Motion to Strike

The Court may strike a pleading that contains "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."  Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 n. 34 (C.D. Cal. 1996).

**B.   Discussion**

1.   Motion to Dismiss

a.   *FCRA Claim*

Congress enacted the FCRA to counteract unfair and inaccurate reporting practices that undermine consumer confidence.  15 U.S.C. § 1681(a); Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1058-59 (9th Cir. 2002).  The FCRA imposes duties on lenders, like Wells Fargo, who furnish information to credit reporting agencies.  See 15 U.S.C. § 1681s-2.

Section 1681n(a) of the FRCA provides in relevant part: "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000," plus punitive damages, costs, and reasonable attorney's fees.  Section 1681*o* similarly provides: "Any person who is negligent in failing to comply with

7

any requirement imposed under this subchapter with
respect to any consumer is liable to that consumer in
an amount equal to the sum of . . . any actual damages
sustained by the consumer," plus costs and reasonable
attorney's fees.

Section 1681s-2(a) provides, in part, that "[a]
person shall not furnish any information relating to a
consumer to any consumer reporting agency if the person
knows or has reasonable cause to believe that the
information is inaccurate."  15 U.S.C. § 1681s-
2(a)(1)(A).

Section 1681s-2(b), on the other hand, governs the
duties of furnishers of credit information only when
they receive notice from credit reporting agencies of a
dispute; "notice of a dispute received directly from
the consumer does not trigger furnishers' duties under
subsection (b)."  Gorman, 584 F.3d at 1154.  Once the
furnisher receives notice from the credit reporting
agency of "a dispute with regard to the completeness or
accuracy of any information provided by" the furnisher,
the furnisher must:

    (A)  conduct an investigation with respect to the
        disputed information;

    (B)  review all relevant information provided by the
        consumer reporting agency pursuant to section
        1681i(a)(2) of this title;

    (C)  report the results of the investigation to the
        consumer reporting agency;

8

1       (D)   if the investigation finds that the information

2             is incomplete or inaccurate, report those

3             results to all other consumer reporting

4             agencies to which the person furnished the

5             information and that compile and maintain files

6             on consumers on a nationwide basis; and

7       (E)   if an item of information disputed by a

8             consumer is found to be inaccurate or

9             incomplete or cannot be verified after any

10            reinvestigation under paragraph (1), for

11            purposes of reporting to a consumer reporting

12            agency only, as appropriate, based on the

13            results of the reinvestigation promptly-

14       (i)      modify that item of information;

15       (ii)     delete that item of information; or

16       (iii)    permanently block the reporting of

17                that item of information.

18   § 1681s-2(b).  Any investigation by a furnisher under

19   this provision must be "reasonable."  Gorman, 584 F.3d

20   at 1157.

21       A consumer report that is "technically accurate"

22   may be deemed "incomplete or inaccurate" under

23   subsection (b) if the furnisher omitted information

24   that "creates a misleading impression," such as the

25   debt is disputed.  Id. at 1163.  Therefore, "the

26   failure to report a bona fide dispute," i.e. "a dispute

27   that could materially alter how the reported debt is

28   understood," "gives rise to a furnisher's liability

9

1   under § 1681s-2(b)." <u>Id.</u>

2                    i.  *Plaintiffs' claim against Wells Fargo*

3                        *for failing to conduct a reasonable*

4                        *investigation is actionable under 15*

5                        *U.S.C. § 1681s-2(b).*

6        Wells Fargo first argues that Plaintiffs' FCRA

7   claim fails because no private right of action is

8   available under the FCRA against a credit furnisher for

9   allegedly supplying false credit information.  Mot.

10  Dismiss 4:21-5:5.

11       The Ninth Circuit has held that the FCRA provides a

12  private right of action against a furnisher of credit

13  reporting information that violates the duties imposed

14  by § 1681s-2(b), but not for violating the duties

15  imposed by § 1681s-2(a).  <u>Gorman v. Wolpoff & Abramson,</u>

16  <u>LLP</u>, 584 F.3d 1147, 1154 (9th Cir. 2009); <u>Nelson</u>, 282

17  F.3d at 1059-60.

18       Plaintiffs' cause of action arises out of Wells

19  Fargo's failure to conduct a reasonable investigation

20  of Plaintiffs' credit reporting dispute, which falls

21  under 15 U.S.C. § 1681s-2(b).  Therefore, Plaintiffs'

22  claim against Wells Fargo is actionable.

23                   ii.  *Plaintiffs adequately allege that*

24                        *Wells Fargo received notice of the*

25                        *dispute from the CRAs.*

26       Wells Fargo argues that Plaintiffs' FCRA claim

27  fails because Plaintiffs do not sufficiently allege

28  that Wells Fargo received notification of their dispute

from the CRAs, and therefore Wells Fargo's duties under section 1681s-2(b) were not triggered.  Mot. Dismiss 5:6-7:13.  Plaintiffs allege that "one or more of the credit bureaus sent dispute notices to Wells Fargo, thereby activating Wells Fargo's obligations to Plaintiffs under the [FCRA]."  FAC ¶ 23.

This allegation is sufficient to allege that Wells Fargo received notice of the dispute from the CRAs. The question presented by a motion to dismiss is not whether Plaintiffs will prevail in the action, but whether Plaintiffs are entitled to offer evidence in support of their claim.  Swierkiewicz, 534 U.S. at 511. Plaintiffs' allegations of notification are sufficient to survive a motion to dismiss, and the issue of actual notification is one to be explored in discovery.

              iii.    *Plaintiffs adequately allege that Wells Fargo willfully or negligently violated its obligations under 1681s-2(b).*

Wells Fargo next argues that Plaintiffs have not sufficiently alleged that Wells Fargo acted unlawfully. Mot. Dismiss 8:4-12.  Wells Fargo argues that Plaintiffs fail to identify what statutory language was purportedly violated, and Plaintiffs' conclusory allegations that Wells Fargo willfully or negligently violated the FCRA are unsupported by any specific facts.  Id. at 8:8-12.

Plaintiffs' FAC, however, alleges several actions by Wells Fargo as constituting willful and negligent violations of the FCRA, including, Wells Fargo's failure to follow reasonable procedures to assure the accuracy of the information in the consumer report concerning Plaintiffs; failure to correct information about Plaintiffs which Wells Fargo knew or should have known was incomplete or inaccurate; failure to correct or delete incomplete and inaccurate information in Plaintiffs' file after conducting an investigation; and failure to conduct an adequate investigation of Plaintiffs' complaints and failure to implement corrective actions once the outcome of the investigations were known. <u>See</u> FAC ¶ 25. Plaintiffs also allege that they contacted Wells Fargo regarding the erroneous late payments, <u>id.</u> at ¶ 8, suggesting that Wells Fargo was aware of the inaccuracies, or at least the disputes, yet Wells Fargo knowingly refused to sufficiently investigate the dispute and correct the problems reported by Plaintiffs. Plaintiffs lastly allege that Wells Fargo deliberately maintains inefficient procedures for investigating and correcting disputes because it knows that a certain number of consumers will pay rather than fight. <u>Id.</u> at ¶ 27.

These allegations go beyond merely reciting the required element of willfulness or negligence in violating the FCRA, and are sufficient to give Wells

12

1  Fargo notice of the grounds upon which Plaintiffs' FCRA
2  claim rests.  See Twombly, 550 U.S. at 555 ("Federal
3  Rule of Civil Procedure 8(a)(2) requires only 'a short
4  and plain statement of the claim showing that the
5  pleader is entitled to relief,' in order to 'give the
6  defendant fair notice of what the . . . claim is and
7  the grounds upon which it rests,'" and a complaint
8  "does not need detailed factual allegations" to survive
9  a motion to dismiss).

10              iv. *Plaintiffs do not adequately plead*
11                  *facts to support their claim of actual*
12                  *injury.*

13      Finally, Wells Fargo argues that Plaintiffs do not
14  plead facts to suggest that they suffered actual injury
15  as a result of Wells Fargo's inaccurate reporting and
16  failure to investigate Plaintiffs' complaints.  Mot.
17  Dismiss 8:13-21.

18      FRCA § 1681n provides for the following damages for
19  willful noncompliance with the FCRA: actual damages,
20  punitive damages, reasonable attorney's fees, and
21  costs.  15 U.S.C. § 1681n.  For negligent noncompliance
22  with the FRCA, section 1681*o* provides for actual
23  damages, reasonable attorney's fees, and costs.  15
24  U.S.C. § 1681*o*.

25      Even though Plaintiffs do not need to plead or
26  prove actual injury to be entitled to statutory damages
27  for willful violations of the FCRA, Bateman v. Am.

28

1   Multi-Cinema, Inc., 623 F.3d 708, 718-19 (9th Cir.
2   2010), Plaintiffs' allegations of damages are not
3   sufficient to state a claim of actual injury.  In Dewi
4   v. Wells Fargo Bank, No. CV 12-2891 ABC (SHx), 2012 WL
5   10423239, at *6 (C.D. Cal. Aug. 8, 2012),[2] the court
6   found that the plaintiff sufficiently pled actual
7   injury by alleging the following injuries: a combined
8   higher interest rate that plaintiff had to pay on at
9   least one credit card, a reduction in plaintiff's line
10  of credit, a withdrawn job opportunity, and loss of
11  wages and damage to plaintiff's credit reputation.
12  2012 WL 10423239, at *6.  Here, however, Plaintiffs
13  provide no factual support for the conclusion that they
14  have suffered actual damages.  Plaintiffs' claim of
15  actual injury is the type of "label and conclusion"
16  that is insufficient to state a claim.  See Twombly,
17  550 U.S. at 555.  Accordingly, the Court **DISMISSES**
18  Plaintiffs' FCRA claim **WITH TWENTY (20) DAYS LEAVE TO**
19  **AMEND** so that Plaintiffs may provide sufficient factual
20  grounds to support their claim of actual injury.  See
21  Iqbal, 556 U.S. at 678.

22          b.  *CCRAA Claim*

23      Section 1785.25(a) of the CCRAA states that "[a]
24  person shall not furnish information on a specific

25  ─────────────────
26      [2] Plaintiffs request judicial notice of the court order in
    Dewi.  Pls.' Request for Judicial Notice 1:7-19, ECF No. 27.  The
27  Court considers Dewi as persuasive authority, however, judicial
    notice of Dewi is not necessary.  Thus, the Court **DENIES**
28  Plaintiffs' Request for Judicial Notice.

transaction or experience to any consumer credit
reporting agency if the person knows or should know the
information is incomplete or inaccurate."  Cal. Civ.
Code § 1785.25(a).  Section 1785.25(f) requires
furnishers who receive notice of a dispute to complete
an investigation and to review relevant information.
Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876,
888 (9th Cir. 2010); see Cal. Civ. Code § 1785.25(f).
Section 1785.25(g) provides that "[a] person who
furnishes information to a consumer credit reporting
agency is liable for failure to comply with this
section, unless the furnisher establishes by a
preponderance of the evidence that, at the time of the
failure to comply with this section, the furnisher
maintained reasonable procedures to comply with those
provisions."  Cal. Civ. Code § 1785.25(g).  Section
1785.31 provides various remedies for a violation of
the CCRAA.  See Cal. Civ. Code § 1785.31.

> i.  *Plaintiffs' allegations under CCRAA §*
> *1785.25(a) are not preempted by the*
> *FCRA.*

Wells Fargo argues that certain provisions of the
CCRAA are preempted by the FCRA, and Plaintiffs' CCRAA
claim fails because Plaintiffs do not specifically
state which provisions of the CCRAA were violated.
Mot. Dismiss 10:23-11:4.

Section 1785.25(g) of the CCRAA provides a private

right of action to enforce CCRAA § 1785.25(a), and CCRAA § 1785.31 provides various remedies.  The FCRA expressly exempts § 1785.25(a) from preemption and the Ninth Circuit has held that both sections 1785.25(g) and 1785.31 are also exempted from preemption by the FCRA.  See Gorman, 584 F.3d at 1170-72.  To the extent that Plaintiffs allege a violation of section 1785.25(f), however, that section is preempted by the FCRA.  See Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 888-89 (9th Cir. 2010).  Section 1785.25(c)[3] is also preempted by the FCRA.  Wang v. Asset Acceptance, LLC, 681 F. Supp. 2d 1143, 1148 (N.D. Cal. 2010).

Here, Plaintiffs' allegations that Wells Fargo violated the CCRAA when it received notice of Plaintiffs' dispute, and thereafter failed to complete an investigation and to review relevant information, are preempted by the FCRA.  See FAC ¶¶ 25, 31. Plaintiffs remaining CCRAA allegations fall under section 1785.25(a), and are not preempted.

ii. *Plaintiffs sufficiently state a claim for relief under CCRAA § 1785.25(a).*

Wells Fargo argues that Plaintiffs' FAC does not

_____

[3] Section 1785.25(c) requires the furnisher to include a notice stating that the information is disputed by the consumer when the furnisher provides information to CRAs that is subject to a continuing dispute between the affected consumer and the furnisher.  See Cal. Civ. Code § 1785.25(c).  Plaintiffs' FAC does not include any allegations that would fall under section 1785.25(c).

1  cite specific statutory violations, and is without

2  sufficient factual allegations to put Wells Fargo on

3  notice of the details of the allegedly improperly

4  reported information that it provided to the CRAs.

5  Mot. Dismiss 9:17-23.

6     Plaintiffs' CCRAA claim does not fail merely

7  because Plaintiffs do not cite the specific statutory

8  provision which was violated.  Alvarez v. Hill, 518

9  F.3d 1152, 1157-58 (9th Cir. 2008) ("A complaint need

10 not identify the statutory or constitutional source of

11 the claim raised in order to survive a motion to

12 dismiss."); see also, e.g., Sagana v. Tenorio, 384 F.3d

13 731, 736-37 (9th Cir. 2004); Austin v. Terhune, 367

14 F.3d 1167, 1171 (9th Cir. 2004); Cabrera v. Martin, 973

15 F.2d 735, 745 (9th Cir. 1992).

16    Moreover, Plaintiffs do more than simply allege

17 that Wells Fargo improperly reported Plaintiffs'

18 default.  Plaintiffs' second cause of action under the

19 CCRAA incorporates all preceding paragraphs of the FAC,

20 and Plaintiffs state the details of the information

21 that were improperly reported in paragraphs 8 through

22 21 of the FAC.  See FAC ¶¶ 8-21 (alleging that Wells

23 Fargo erroneously reported late payments on Plaintiffs'

24 Wells Fargo Home Equity Line of Credit for the months

25 of February 2012, April 2012, November 2012, December

26 2012, January 2013, September 2014, March 2015, and

27 April 2015).  Plaintiffs also allege that the erroneous

28

1   information was the result of a "mixed file error."

2   Id. at ¶ 30.  As explained above with regard to

3   Plaintiffs' FCRA claim, Plaintiffs' allegations of

4   "willfulness" and/or "negligence" are sufficient.  For

5   these reasons, Plaintiffs' allegations in their second

6   cause of action are sufficient to state a claim under

7   CCRAA § 1785.25(a).

8                    iii.    *Plaintiffs' allegations of actual*

9                            *injury are insufficient.*

10      Wells Fargo lastly argues that Plaintiffs do not

11  sufficiently plead facts to support a claim for actual

12  damages.  Mot. Dismiss 10:5-15.

13       Actual damage is required to state a claim under

14  the CCRAA.  Trujillo v. First Am. Registry, Inc., 68

15  Cal. Rptr. 3d 732, 738 (Cal. Ct. App. 2007); Quinlan v

16  Citimortgage, Inc., No. 2:11-cv-00986-MCE-EFB, 2011 WL

17  5299311, at *3 (E.D. Cal. Nov. 2, 2011); see also Cal.

18  Civ. Code § 1785.31.

19      As explained above, Plaintiffs' bare allegation

20  that they are entitled to "actual damages, loss of

21  wages, damage to credit reputation, pain and suffering,

22  costs and attorney fees" is without sufficient facts to

23  demonstrate any particular injury resulting from Wells

24  Fargo's purported CCRAA violation.

25      Accordingly, the Court **GRANTS** Wells Fargo's Motion

26  to Dismiss Plaintiffs' CCRAA claim, but allows

27  Plaintiffs **TWENTY (20) DAYS LEAVE TO AMEND** to plead

28

1   facts to support their claim of actual injury.

2        2.  Motion to Strike

3        Wells Fargo moves to strike Plaintiffs' request for

4   punitive damages, "pain and suffering" damages, and

5   attorney's fees.  The Motion to Strike is **GRANTED IN**

6   **PART** and **DENIED IN PART**.

7            a.  *Punitive Damages*

8        Section 1681n(a)(2) of the FCRA expressly entitles

9   Plaintiffs to recover punitive damages for willful

10  violations of the FCRA.  Likewise, section

11  1785.31(a)(2)(B)[4] of the CCRAA entitles Plaintiffs to

12  recover punitive damages for willful violations of the

13  CCRAA.  See Gorman, 584 F.3d at 1171.  "Willfulness" in

14  this context may be shown by reckless conduct, see

15  Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-58

16  (2007) (interpreting § 1681n), and therefore, Wells

17  Fargo's argument that Plaintiffs must allege facts to

18  show "malice, oppression, or fraud" is misplaced.

19  Dewi, 2012 WL 10423239, at *8.  Because the Court finds

20  that Plaintiffs sufficiently allege willful violations

21  of the FCRA and CCRAA, the Court **DENIES** Wells Fargo's

22  Motion to Strike Plaintiffs' request for punitive

23  damages.

24  / / /

25  / / /

26

27      [4] CCRAA § 1785.31 is not preempted by the FCRA.  Gorman, 584

28  F.3d at 1171

19

b.  *"Pain and Suffering" Damages*

Under §§ 1681n and 1681**o** of the FCRA, a plaintiff may collect "actual damages," which may include damages for pain and suffering.  <u>Guimond v. Trans Union Credit Info. Co.</u>, 45 F.3d 1329, 1333 (9th Cir. 1995).  Section 1785.31(a)(1) of the CCRAA expressly provides that a plaintiff may recover damages for "pain and suffering," "when applicable."

However, a plaintiff must support its claim for pain and suffering "with something more than [its] own conclusory allegations."  <u>Dewi</u>, 2012 WL 10423239, at *8 (quoting <u>Myers v. Bennett Law Offices</u>, 238 F. Supp. 2d 1196, 1206 (D. Nev. 2002)).  A plaintiff must support its claim for pain and suffering with specific claims of genuine injury, such as emotional distress or physical injury.  <u>See</u> <u>id.</u> at *8-*9.

Here, Plaintiffs are entitled to pursue emotional distress damages, however, the allegations in the FAC are insufficient to allege any specific claims of genuine injury.  Plaintiffs' identification of the general category of "pain and suffering" is insufficient to state a plausible entitlement to damages.  Thus, the Court **GRANTS** Wells Fargo's Motion to Strike "pain and suffering" damages, but allows Plaintiffs **TWENTY (20) DAYS LEAVE TO AMEND** the FAC to allege facts to support their "pain and suffering" damages claim.

1         c.  *Attorney's Fees*

2      Sections 1681n and 1681***o*** of the FCRA and section

3  1795.31(a)(1) of the CCRAA allow a prevailing plaintiff

4  to recover reasonable attorney's fees.  Accordingly,

5  the Court **DENIES** Wells Fargo's Motion to Strike

6  Plaintiffs' request for attorney's fees.

7                 **III. CONCLUSION**

8      For these reasons, the Court **GRANTS IN PART** and

9  **DENIES IN PART** Wells Fargo's Motion to Dismiss and

10  Motion to Strike.  The allegations in the FAC are not

11  sufficient to support claims of actual injury under the

12  FCRA or the CCRAA, and the Court allows Plaintiffs

13  **TWENTY (20) DAYS LEAVE TO AMEND** to cure this deficiency

14  in the FAC.  In addition, Plaintiffs' requests for

15  punitive damages and attorney's fees will not be

16  stricken, but Plaintiffs' request for "pain and

17  suffering" damages is **STRICKEN WITH TWENTY (20) DAYS**

18  **LEAVE TO AMEND.**

19  **IT IS SO ORDERED.**

20

21  DATED: June 2, 2016                    RONALD S.W. LEW

22                                   **HONORABLE RONALD S.W. LEW**

23                                   Senior U.S. District Judge

24

25

26

27

28